Filed 1/19/23

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re Marriage of DESTINY and JUSTIN C. | |
| DESTINY C., Appellant, v. JUSTIN C., Respondent. | D079123 (Super. Ct. No. D553087) |

APPEAL from an order of the Superior Court of San Diego County, Sharon Kalemkiarian, Judge.  Affirmed.

Keiter Appellate Law and Mitchell Keiter for Appellant.

Stephen Temko for Respondent.

In 2015, appellant Destiny C. (Mother) filed a petition for dissolution of her marriage to her husband Justin C. (Father).  Six years later, following a six-day trial on custody and visitation issues, the family court made final custody orders, directing both parents to share joint legal and physical custody of the couple's then-seven-year-old daughter.  Mother disputes that

result, relying primarily on the Family Code section 3044 presumption against the award of joint legal or physical custody to a party who is found to have committed domestic violence "within the previous five years."[1]  (§ 3044, subd. (a).)

Mother's primary argument is one of statutory interpretation.  She contends the five-year period provided for in section 3044 runs backwards from the filing of the dissolution petition, not from the date of the family court's custody ruling.  The trial court rejected this impractical construction. We do likewise and affirm the custody order.

FACTUAL AND PROCEDURAL BACKGROUND

There are two critical dates for purposes of this appeal.  After a tumultuous five-year marriage, Mother filed her petition for dissolution in *January 2015*.  The couple's child was listed in the petition.  Division of property and support issues were resolved by stipulation in 2019.  It was not until *February 2021* that the family court held a hearing on custody and visitation issues.  Following that hearing, after neither party filed objections to the court's proposed statement of decision, the court made orders awarding joint legal and physical custody to Mother and Father.

Both parties offered evidence at the hearing indicating that each had engaged in domestic violence during the relationship, and the court found that both parties "committed acts that could be seen to be domestic violence." Still, the court determined that "none of the domestic violence happened five years from when this Court heard evidence on the parenting plan during this trial."  As a result, it concluded that the section 3044 presumption against awarding custody to a perpetrator of domestic violence did not apply.  In the

---

[1]  All undesignated statutory references are to the Family Code.

court's view, that presumption would "come into play only if there has been domestic violence five years from when the Court is making its findings regarding a request from a party for custody—not from the date that the request is filed as a request for order."[2]

Mother filed a timely appeal.[3]

## DISCUSSION

In general, we review child custody decisions for abuse of discretion. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.)  To the extent those conclusions involve questions of law that do not depend on disputed facts, our review is de novo.  (*In re Marriage of David & Martha M.* (2006) 140 Cal.App.4th 96, 101.)  To the extent they are based on factual determinations, we will reverse only if the trial court's finding is not supported by substantial evidence.  (*In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1497.)

---

[2]    By contrast, as Mother construes section 3044, subdivision (a), "because she filed the petition in January 2015, any violence after January 2010 would qualify."

[3]    Father asserts that Mother's appeal should be dismissed because her notice of appeal failed to specify the date of the custody order being appealed. " '[I]t is, and has been, the law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.' " (*In re Joshua S.* (2007) 41 Cal.4th 261, 272.)  Here, on June 7, 2021 Mother sought to appeal from the "[o]rder chan[g]ing custody."  The family court's custody order was entered on April 5, 2021 and served by mail on April 8.  There was no other order on custody such that there is any reasonable possibility Father could have been misled or prejudiced.

A. *To invoke Family Code section 3044's presumption against the award of custody to a perpetrator of domestic violence, the trial court must find that domestic violence occurred within five years of its custody order.*

Section 3044 creates a rebuttable presumption against awarding custody of a child to a perpetrator of domestic violence. The presumption arises "[u]pon a finding by the court that a party seeking custody of a child has perpetrated domestic violence within the previous five years . . . ." (§ 3044, subd. (a).)[4] Here, Mother offered evidence that at various points in their relationship Father committed acts of domestic violence against her. She then relied on the section 3044 presumption to argue that she should be awarded sole legal and physical custody of their daughter.

The trial court found it unnecessary to make specific findings about the exact extent to which it agreed with Mother's view of the facts.[5] Instead, it simply determined that none of the alleged domestic violence occurred within five years of the custody trial. On that basis, it concluded that the presumption did not apply and awarded joint legal and physical custody to both parents. Mother argues the trial court committed legal error in misconstruing the point from which the five-year period is measured.

In interpreting a statute, we first consider the words used by the Legislature, "as statutory language is generally the most reliable indicator of legislation's intended purpose." (*McHugh v. Protective Life Ins. Co.* (2021)

---

[4] The victim may be the other person seeking custody (typically another parent), the child, the child's siblings, or another person with whom the party has had a relationship. (§ 3044, subd. (a).)

[5] It is a fair inference that the trial court believed Father engaged in "verbal abuse and some physical abuse in the home when the parties were living together." At the same time, the court found that Mother was "verbally abusive" with Father and "physically aggressive when intoxicated."

4

12 Cal.5th 213, 227.) "If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs." (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190.) Here, section 3044 clearly states that the presumption against custody only arises "[u]pon a *finding* by the court that a party seeking custody of a child has perpetrated domestic violence *within the previous five years*." (*Id.,* subd. (a), italics added.) "Previous five years" refers back to the "finding" the trial court is required to make at the conclusion of the custody hearing. (*Ibid.*) There is no ambiguity. The language of the statute makes no reference to the filing of a petition or other request for custody.

This interpretation makes complete sense. In reaching custody determinations, section 3011 directs the family court to consider any "history of abuse by one parent or any other person seeking custody." (*Id.,* subd. (a)(2)(A).) Thus, older incidents of domestic violence beyond the five-year period are still relevant evidence in any custody proceeding. But only recent incidents give rise to a *presumption* against the award of custody. The five-year look back provision was designed to limit the section 3044 presumption to evidence of domestic violence that is not remote in time from the custody decisions the court is currently making. Indeed, accepting Mother's interpretation would create the incongruous result that as long as the initial request for custody was filed within five years of the last domestic violence incident, the presumption would apply in perpetuity based on evidence that had long since become remote. Unsurprisingly, courts have consistently interpreted section 3044, subdivision (a) as asking whether domestic violence occurred in the five years preceding a custody *ruling*. (See, e.g., *Christina L. v. Chauncey B.* (2014) 229 Cal.App.4th 731, 736 [presumption applied where "Father's most recent actions occurred less than five years before the court

5

made the order on appeal"]; *Noble v. Superior Court* (2021) 71 Cal.App.5th 567, 581−582 [presumption applied where Utah court's abuse finding "was based on events occurring within the five-year time frame preceding the family court's August 2020 ruling on the parties' requests to modify custody"].)

Mother believes it would be "better policy . . . to hold that the pertinent deadline is five years before the filing [of the petition]." She suggests that the rule applied by the trial court "would create an especially powerful incentive for parties to delay proceedings." But weighing competing policy considerations is a task for the Legislature (see, e.g., *Siry Investment, L.P. v. Farkhondehpour* (2022) 13 Cal.5th 333, 367), and arguments of this nature are appropriately addressed to Sacramento, not the courts. Moreover, we have no doubt the family court understands its responsibility to make timely custody decisions in the best interests of the children consistent with the due process rights of the parties. (See § 3023.)

B. *Having failed to object to the finding in the statement of decision that there was no domestic violence within five years of the custody order, Mother cannot now complain the trial court "overlooked" certain testimony.*

Mother contends that even if section 3044 is interpreted as requiring a finding of domestic violence within five years of the court's custody order, here there was such evidence provided by the testimony of the parties' neighbor, who allegedly witnessed an incident "3 or 4 years ago" when Father slammed Mother's head down and gave her "a couple of whacks on the side of the head" outside their home. For his part, Father denied ever having punched, slapped or pushed Mother or in any way "attempted to cause [her] physical harm." The court impliedly rejected the neighbor's testimony when

6

it found that "none of the domestic violence happened five years from when this Court heard evidence on the parenting plan during this trial."

Mother recognizes that this court must defer to factual findings by the trial court that are supported by substantial evidence. And she concedes that *if* the trial court found there was no credible evidence of domestic violence by Father within five years of the court's order, *that* would be a factual finding entitled to deference from this court. But she contends because the statement of decision did not explicitly mention that the neighbor's testimony was not credible, the "better-reasoned position" is that the court must have "overlooked" the testimony.

Mother's argument runs afoul of the doctrine of implied findings and the rule that requires a party to object to the proposed statement of decision on the grounds that it is somehow unclear or ambiguous.[6] "Under the doctrine of implied findings, the reviewing court must infer, following a bench trial, that the trial court impliedly made every factual finding necessary to support its decision. Securing a statement of decision is the first step in avoiding the doctrine of implied findings, but is not always enough: The appellant also must bring ambiguities and omissions in the factual findings of the statement of decision to the trial court's attention. If the appellant fails to do so, the reviewing court will infer the trial court made every implied

---

[6]    In *Abdelqader v. Abraham* (2022) 76 Cal.App.5th 186, we recently held that the doctrine of implied findings does not apply where the court concludes that the section 3044 presumption has been rebutted. (*Id.* at p. 197.) We relied on language in subdivision (f) of section 3044 requiring the court to "make specific findings" and "state its reasons" for determining that the presumption has been rebutted, even in the absence of a request for a statement of decision. (*Abdelqader,* at p. 197.) Here, in contrast, there is no statutory requirement for a statement of reasons where the court determines the section 3044 presumption never arose.

factual finding necessary to uphold its decision, even on issues not addressed in the statement of decision." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 48 (*Fladeboe*).)

Here, the trial court's proposed statement of decision included a factual finding that there were no incidents of domestic violence within five years of the court's hearing and resulting custody order. This determination necessarily implied that Father did not "whack" Mother on the side of the head three or four years prior to the hearing. If Mother believed the court had somehow "overlooked" the neighbor's testimony, making the factual finding ambiguous, she was obligated to lodge an objection to the proposed statement of decision explaining why it required clarification. (*Fladeboe, supra,* 150 Cal.App.4th at p. 59 ["a party claiming omissions or ambiguities in the factual findings must bring the omissions or ambiguities to the trial court's attention"].) It makes no difference that the court made no express finding rejecting the believability of the neighbor's testimony, because a reviewing court "will infer the trial court made implied factual findings favorable to the prevailing party on all issues necessary to support the judgment, including the omitted or ambiguously resolved issues." (*Id.* at p. 60.)

Mother insists she is not challenging the court's factual findings. But even if she did, the neighbor's testimony was disputed, and we are not at liberty to second-guess the trial judge's firsthand evaluation of his credibility.

DISPOSITION

The court's custody orders are affirmed.  Father is entitled to recover his costs on appeal.

DATO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.